UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND –
DETROIT AND VICINITY, et al.,

    Plaintiffs,                              Case No.  16-12003

v.                                        Honorable Nancy G. Edmunds

L.V. PAINTING & CONTRACTING, INC., et
al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' CROSSCLAIMS [33]**

Plaintiffs move to strike the crossclaims of Defendant L.V. Painting & Contracting, Inc. ("LV") and Defendant Sachse Construction and Development Company, LLC ("Sachse"). Plaintiffs argue that Defendants' crossclaims should be stricken because: (1) they do not conform with Rule 13(g); and (2) they contravene the purpose of ERISA.[1] For the following reasons, Plaintiffs' motion is DENIED.

**I.   Background**[2]

This dispute relates to the redevelopment of a building known as the Moon Building at Merchant's Row (the "Project"). Sachse was the general contractor on the Project, and

---

[1] Plaintiffs also assert that the claims between Sachse and LV should be submitted to arbitration but do not provide a legal basis for why this argument is relevant to the pending motion.

[2] The following facts are taken from the parties' respective submissions.

1

LV was a subcontractor that performed abatement and demolition work. Defendant Michael Scott is LV's co-owner and President. The other Defendant, Travelers Casualty and Surety Company ("Travelers"), issued a contract bond for Sachse on the Project and served as a surety to the bond on Sachse's behalf.

Plaintiffs are trust funds established under and administered pursuant to Section 302 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186, *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. (Dkt. 5, at ¶ 1.) As alleged by Plaintiffs, LV is bound by a collective bargaining agreement that required it to remit periodic ERISA payments to Plaintiffs for the work LV performed on the Project. (*Id.* at ¶ 10.) LV allegedly failed to remit such payments, so Plaintiffs brought this suit against LV and Scott. Plaintiffs later added Sachse and Travelers as defendants in their Amended Complaint.

On August 10, 2016, after receiving Plaintiffs' Amended Complaint, LV filed crossclaims against Sachse and Travelers. (Dkt. 20.) Sachse in turn filed crossclaims against LV and Scott on August 26, 2016. (Dkt. 26.) Then, on September 28, 2016, Plaintiffs filed this motion to strike the crossclaims of both LV and Sachse. Plaintiffs argue that Defendants' crossclaims are not closely related to Plaintiffs' claims, so the Court reviews all the claims below.

**A. Plaintiffs' Claims**

In Count I of the Amended Complaint, Plaintiffs allege that LV is liable for failing to remit required fringe benefit contributions from April 2015 through March 2016. Count II alleges that Scott and LV are jointly and severally liable for these unpaid contributions

because they conducted business under a corporate alter ego to evade their payment obligations. In Count III, Plaintiffs allege that LV and Scott are liable for violating the Michigan Builders Trust Fund Act ("MBTFA"), MCL 570.151, *et seq.* According to Plaintiffs, the MBTFA required LV and Scott to hold the payments they received for work on the Project in trust for Plaintiffs' benefit. But LV and Scott allegedly misappropriated such funds, rendering them liable under the MBTFA.

Count IV next alleges that LV and Scott are liable for actual fraud because they intentionally submitted false contribution reports to Plaintiffs. Finally, Count V alleges that Sachse and Travelers, pursuant to the contract bond, are obligated to pay the contributions owed to Plaintiffs.

### B. LV's Crossclaims Against Sachse and Travelers

LV's crossclaims against Sachse and Travelers relate to Sachse's alleged failure to pay both (1) the amount owed to LV on the subcontract and (2) an additional amount LV requested when the conditions of the Project increased the scope of the work and raised labor costs. In Counts I and II, LV alleges that Sachse, as principal, and Travelers, as surety, are liable to LV for breach of contract. In Count III, LV alleges that Sachse and Travelers are liable to LV for a material breach of the contract bond. Count IV next alleges that Sachse and Travelers are liable in quantum meruit. Finally, in Count V, LV alleges that it has a valid claim of lien on a bond related to the Project.

### C. Sachse's Crossclaims Against LV and Scott

Sachse's crossclaims comprise six counts.[3] Count I alleges that LV breached the

---

[3] Sachse erroneously numbered two counts "Count V." (*See* Dkt. 26, at 11-12.)

subcontract by, *inter alia*, failing to perform the work timely and properly. Count II alleges that LV breached its contractual indemnification obligation by exposing Sachse to claims and liens for labor performed and materials used on the Project. Count III then alleges that LV violated the MBTFA by diverting monies paid by Sachse. Counts IV and V next allege violations of fiduciary duties and conversion, respectively. Finally, Count VI (erroneously numbered "Count V"), alleges that LV and Scott committed fraud by intentionally submitting false statements regarding payments on the Project.

**II.     Legal Standard**

Federal Rule of Civil Procedure 13(g), which governs crossclaims, provides: "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action[.]" "The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." *Id.* According to the Sixth Circuit, the purpose of Rule 13 is to have "all issues be resolved in one action, with all parties before one court, complex though the action may be." *LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969).

To determine whether a claim arises out of the same transaction or occurrence, courts in the Sixth Circuit apply the "logical relationship test." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991). The parties agree that the logical relationship test is also the appropriate standard for determining whether crossclaims comply with Rule 13(g). (Dkt. 39, at 2 (quoting 6 Fed. Prac. & Proc. § 1432);

Dkt. 38, at 5.)  Under the test, courts must "determine whether the issues of law and fact raised by the claims are *largely the same* and whether *substantially the same* evidence would support or refute both claims."  *Bauman v. Bank of America, N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (quoting *Sanders*, 936 F.2d at 277)) (emphasis in original).  "A partial overlap in issues of law and fact does not compel a finding that two claims are logically related."  *Bauman*, 808 F.3d at 1101 (internal citations omitted).

### III. Analysis

Plaintiffs argue that Defendants' crossclaims should be stricken because (1) they are not authorized by Rule 13(g); and (2) they contravene the purpose of ERISA. (Dkt. 33.)  LV responds that its crossclaims are proper under Rule 13(g) but does not oppose Plaintiffs' arguments regarding the purpose of ERISA.  (Dkt. 37, at 4.)  Sachse argues that: (1) Plaintiffs' motion is untimely under Rule 12(f); (2) Sachse's crossclaims are proper under Rule 13(g); and (3) the purpose of ERISA does not bar its crossclaims.  (Dkt. 38.)  For the following reasons, the Court denies Plaintiffs' motion.

#### A. Timeliness under Rule 12(f)[4]

Sachse contends that Plaintiffs' motion to strike is untimely under Rule 12(f), and the Court agrees.  Rule 12(f)(2) provides that a party may file a motion to strike "within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f)(2).  Plaintiffs received the crossclaims of LV and Sachse on August 10, 2016 and August 26, 2016, respectively.  But

---

[4] Plaintiffs argue that Rule 12(f) does not govern their motion because "[t]hat is not what [P]laintiffs are attempting to do here."  (Dkt. 39, at 5.)  But it is unclear what other rule would permit their "Motion to Strike Defendants' Cross Claims," and Plaintiffs have not proposed an alternative basis for their motion.  Therefore, the Court treats Plaintiffs' filing as a Rule 12(f) motion.

5

Plaintiffs did not file this motion until September 28, 2016. Given that this was more than 21 days after either Defendant filed its crossclaims, Plaintiffs' motion is untimely under Rule 12(f)(2).[5]

Nonetheless, as Plaintiffs propose, this Court could still strike Defendants' crossclaims in the absence of a timely motion. Under Rule 12(f)(1), the Court has discretion to strike material from pleadings on its own initiative. Fed. R. Civ. P. 12(f)(1). However, the Court finds no reason to exercise that discretion here. As discussed more thoroughly below, the crossclaims at issue are logically related to Plaintiffs' claims, and striking them would waste judicial resources and unduly burden Defendants. Therefore, the Court does not exercise its discretion under Rule 12(f)(1) and denies Plaintiffs' motion for untimeliness under Rule 12(f)(2).

## B. The Merits of Plaintiffs' Motion

Even if Plaintiffs' motion were timely, it would fail on the merits. LV's crossclaims and Sachse's crossclaims both satisfy Rule 13(g)'s "logical relationship test," and ERISA's purpose does not compel their dismissal.

### 1. Rule 13(g) and the Logical Relationship Test

Plaintiffs contend that LV's crossclaims and Sachse's crossclaims both fail Rule 13(g)'s "logical relationship test." (Dkt. 33, at 12.) Plaintiffs summarize: "Whether LV and

---

[5] Plaintiffs argue that Sachse waived its right to challenge the motion's timeliness because it communicated that it might either withdraw its crossclaims voluntarily or settle its dispute with Plaintiffs. (Dkt. 39, at 6-7). The Court finds this argument unavailing. The mere possibility that the parties might resolve their dispute informally does not excuse them from following procedural rules. If Plaintiffs believed that Sachse's communications amounted to "ask[ing] [P]laintiffs to forestall filing their motion" (*id.* at 7), they should have sought a stipulated order granting them extra time to file.

Sachse, or both, have breached their respective contracts with each other has nothing to with whether [Plaintiffs] are owed contributions based upon work performed by LV's employees on the [Project.]" (Dkt. 39, at 3.) The Court disagrees with Plaintiffs and finds that both Defendants' crossclaims are proper under Rule 13(g).

First, Plaintiffs have mischaracterized their claims to minimize their connections with Defendants' crossclaims. Plaintiffs argue that Defendants' crossclaims diverge factually from Plaintiffs' claims because "Plaintiffs' claims are based upon a breach of its contract with LV," while Defendants' crossclaims "are based upon [Defendants'] contractor/subcontractor relationship, to which [Plaintiffs] are not a party." (Dkt. 33, at 12.) But Plaintiffs allege more than a simple breach of contract by LV. The Amended Complaint also alleges that LV and Scott violated the MBTFA, avoided their obligations by operating under a corporate alter ego, and committed fraud by falsifying sworn statements. Taken together, Plaintiffs' claims share common questions of fact with the crossclaims of both LV and Sachse.

As to LV, its contract-based crossclaims require evidence indicating how much LV actually worked on the Project, as well as how much payment LV received from Sachse. Plaintiffs' claims for fraud and unpaid contributions will succeed or fail based on those same proofs. Accordingly, given that "[m]any of the same or closely related factual ... issues necessarily will be presented ... in the resolution of these issues," LV's crossclaims satisfy the logical relationship test. *LASA Per L'Industria Del Marmo Societa Per Azioni*, 414 F.2d at 147.

Sachse's crossclaims also satisfy the logical relationship test. Regarding Sachse's contract-based crossclaims, they are related to Plaintiffs' claims for the same reason as

7

LV's crossclaims: they involve overlapping questions of fact.  *See id.*  Regarding Sachse's other crossclaims, an even clearer connection exists, for they are nearly identical to Plaintiffs' claims.  Indeed, both Plaintiffs and Sachse allege violations of the MBTFA, improper diversion of funds, and fraud based on the falsification of sworn statements.  It would be absurd for the Court to conclude that these crossclaims are logically unrelated to Plaintiffs' claims when they are *"largely the same* and [] *substantially the same* evidence would support or refute both claims."  *Bauman*, 808 F.3d at 1101 (quoting *Sanders*, 936 F.2d at 277)) (emphasis in original).

Furthermore, the case Plaintiffs cite in support of their motion, *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare, & Vacation Fund, & Finishing Trades Inst. v. Petric & Assoc., Inc.*, 2015 WL 273653 (D.N.J. Jan. 22, 2015), has neither precedential nor persuasive value.  Plaintiffs characterize that case as "nearly identical" to this case (Dkt. 33, at 6), but this is untrue.  In *Petric & Assoc.*, the plaintiffs' claims were all closely related to an alleged failure to remit required contributions,[6] and the defendants' crossclaims were all contract-based.  Here, as stated above, Plaintiffs' claims extend far beyond a basic ERISA claim, and some of Sachse's crossclaims are nearly identical to Plaintiffs' claims.  Therefore, the Court finds *Petric & Assoc.* inapposite.

Finally, the Court finds that refusing to strike Defendants' crossclaims accords with Rule 13(g)'s purpose of having "all issues be resolved in one action, with all parties

---

[6] These included a basic ERISA enforcement action, as well as related claims based on breach of contract, quantum meruit, and breach of an implied covenant of good faith and fair dealing.

before one court, complex though the action may be." *LASA Per L'Industria Del Marmo Societa Per Azioni*, 414 F.2d at 147. Although Defendants' crossclaims will require them to adduce some evidence that is unrelated to Plaintiffs' claims (e.g., the terms of Defendants' subcontract), such evidence will not drastically lengthen discovery or complicate the adjudication of Plaintiffs' claims. Striking Defendants' crossclaims would, however, unduly burden LV, Sachse, and the Court by creating substantial duplications of effort and time. For this reason, as well as the others discussed above, the Court finds that the crossclaims of Sachse and LV are proper under Rule 13(g).

### 2. The Purpose of ERISA

Plaintiffs also argue that Defendants' crossclaims should be stricken for contravening the purpose of ERISA. The Court disagrees.

Plaintiffs assert that Defendants' crossclaims "convert the litigation into exactly the type of 'lengthy, costly, and complex litigation concerning claims and defenses unrelated to the employer's promise and the plan's entitlement to the contributions' that [ERISA] was intended to prevent." (Dkt. 33, at 13-14 (quoting 126 Cong. Rec. 23039 (1980)).). Plaintiffs again rely on *Petric & Associates* to support their argument. There, the court found that adjudicating the defendants' crossclaims would contravene ERISA's purpose by drastically complicating the plaintiffs' comparatively straightforward ERISA claim.

Here, however, Plaintiffs have brought more than a comparatively straightforward ERISA claim. The Amended Complaint also alleges that LV and Scott violated the MBTFA, operated corporate alter egos to avoid payment obligations, and committed actual fraud. Even if ERISA's purpose might otherwise compel striking Defendants' crossclaims, Plaintiffs' introduction of claims only loosely related to ERISA renders its

9

purpose moot. Striking Defendants' crossclaims would be inefficient and inequitable where Plaintiffs' own claims complicated the litigation. Accordingly, the Court refuses to strike Defendants' crossclaims based on ERISA's alleged purpose.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to strike the crossclaims of LV and Sachse is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 26, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager